# Ransley to use, Appellant, *v.* Kensington Workingmen's Building Association, No. 2.

*Contracts—Bid at sheriff's sale—Default of bidder—Subsequent sale—Purchase by same bidder—Purchase by second mortgagee—Action for difference between bids at two sales—Affidavit of defense—Sufficiency—Allegation that plaintiff was owner of fee—Merger.*

In an action in the name of the sheriff to the use of a third mortgagee to recover from a defaulting bidder the difference between the original bid and the bid at resale, where it appeared that the defendant (holder of the second mortgage) was the successful bidder at both sales, an affidavit of defense was sufficient where it denied that certain shares of stock, alleged to have been appropriated by defendant in reduction of its mortgage debts, had been so appropriated, and that plaintiff would therefore not have been reached in distribution under the first sale; and the affidavit further alleged that the plaintiff was also the owner in fee of the mortgaged premises, holding title in the name of a straw man, which, if true, would have effected a merger and plaintiff could then only sue as real owner, and defendant would be entitled to set off the amount of taxes, water rent and interest paid by it; and the affidavit further alleged that although there was an increase of the deposit to be paid at the second sale from $50 at the first sale to $250, the defendant was a successful bidder at both sales and the increase was made on its petition.

Argued May 7, 1918. Appeal, No. 77, Jan. T., 1918, by plaintiff, from order of C. P. No. 2, Philadelphia Co., June T., 1917, No. 2073, dismissing plaintiff's rule for judgment for want of a sufficient affidavit of defense in case of Harry C. Ransley, High Sheriff of the County of Philadelphia, to the use of Robert F. Stetler, v. Kensington Workingmen's Building Association, No. 2, a Corporation. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Assumpsit to recover from defaulting bidder at a sheriff's sale the difference between the original bid and the bid at the resale.

The facts appear from the following opinion by ROGERS, J.:

This is a rule for judgment for want of a sufficient affidavit of defense.

Suit was brought for the recovery of money which the use-plaintiff claims to have lost by reason of defendant's failure to settle for several properties in accordance with bids made by it at sheriff's sales had under judgments upon bonds accompanying second mortgages held by defendant.

Plaintiff is a subsequent mortgagee and claims to have lost the sum of $1,614.94, being the difference between defendant's first and second bids. The first sale took place January 2, 1917, the down money being $50; the second sale took place February 5, 1917, and the down money was $250.

On April 10, 1917, defendant canceled the shares of stock pledged to it as security for the payment of the loans and the fulfilment of all conditions set forth in the bonds and mortgages and appropriated the value thereof to the payment of certain claims specifically pleaded. On June 22, 1917, Sherwood presented to defendant an assignment of the stock in question from John W. Healy, who held the same by assignment dated July 1, 1912, from Hayden, the original owner.

Paragraph (7) of the amended statement of claim is as follows:

"7. The forty shares of stock in the defendant corporation which were assigned as collateral security for mortgage loans by the defendant on said properties, were duly assigned to the use-plaintiff on December 21, 1914. At the time of the sheriff's sale of January 2, 1917, the surrender value of each of said shares was $39.90, and the value of each set of ten shares, pledged as collateral security with each of said mortgage was $599, which said shares were canceled by the defendant and the value thereof applied on account of its judgments."

To which defendant answered:

"7. Defendant by way of answer to the seventh paragraph of plaintiff's amended statement, avers that the said Lewis S. Hayden made monthly contributions covering dues, interest, premium, etc., and that he continued to make said payments until on or about the first day of July, 1913, when the said Lewis S. Hayden duly assigned the four certificates, comprising ten shares each to John W. Healy subject to the prior rights of the association.

"That the said John W. Healy from the time of said transfer until the tenth day of April, 1917, was the legal holder of said forty shares of stock on the books of the defendant association and that said forty shares had never been transferred or assigned to anyone on the books of the association, and that no application for a transfer or an assignment had been made by anyone until the twenty-second day of June, 1917, at which time Robert E. Lamberton, Esq., attorney for Norman S. Sherwood, presented to this deponent, secretary of the defendant association, a supposed assignment of stock, purporting to assign forty shares of stock from one John W. Healy to Robert F. Stetler, dated the thirty-first day of December, 1914.

"Defendant denies that said forty shares of stock were duly assigned to the use-plaintiff on the thirty-first day of December, 1914. He further avers that the said Robert F. Stetler, use-plaintiff herein, was not the holder of the title to said premises hereinbefore described and was not the holder of the assignment of said mortgage as aforesaid, until the third day of November, 1916, about one month after the foreclosure proceedings had been started; therefore the use-plaintiff herein had absolutely no interest in said properties or mortgage at the time of said supposed assignment, to wit, the thirty-first day of December, 1914. Defendant further denies that said forty shares of stock was canceled and applied on account of the judgments obtained on the four bonds, but on the contrary, avers that the said forty shares of stock were not canceled until the tenth day of April, 1917, and

the stock was appropriated by the association in cancellation of the indebtedness as hereinafter set forth."

The detailed schedules and the subsequent averments in the amended affidavit of defense show distributions and payments which required the use of the stock and its value in such manner as to leave nothing applicable to plaintiff's claim, even if valid. That raises a question of fact for a jury. The affidavit denied that the stock had been appropriated in reduction of the mortgage debts. Whether the building and loan association appropriated the monthly payment on account of the stock in reduction of the mortgage debts owing by the person who owned the property and whether such appropriations were applied as the payments were made or before the sheriff's sale took place are questions of fact to be determined by a jury. If the stock was not appropriated by defendant there would be no balance coming to the third mortgagee under the first sale.

Paragraph (2) of the amended affidavit of defense is as follows:

"Defendant further avers that said mortgage created by the said Anne H. Blakely was without consideration, that no money had been advanced by the said Norman S. Sherwood on account of said mortgage; that it was created at the sole instance, request and direction of said Norman S. Sherwood; that at no time since its creation has one penny of interest been paid as provided in said mortgage; that it was created for the sole and exclusive purpose of protecting the said Norman S. Sherwood from possible creditors, and therefore was a fraud upon them and illegal.

"That the said Robert F. Stetler, holder of the assignment as aforesaid, was and is not a holder for value of said mortgage or the assignments thereof, that he has no interest therein and that he advanced no money on account of said mortgage or assignment, and he was a mere naked holder of the title to said mortgage and the assign-

ment thereof for the absolute use and benefit of his employer, the said Norman S. Sherwood.

"Defendant further avers that after the creation of said mortgage, the said Anne H. Blakely, at the special instance and request of the said Norman S. Sherwood, transferred the four properties hereinbefore more particularly described on the twenty-eighth day of December, 1915, to R. Le Roy Dengler as will more fully and at large appear by reference to Deed Book J. M. H., No. 76, page 559. That the said R. Le Roy Dengler is a bellboy or night clerk at the Little Hotel, 225 South Broad street. That he is a straw man for the said Norman S. Sherwood, and was used for that purpose in this particular matter, and therefore was holding title to said premises for the sole use, benefit and enjoyment of the said Norman S. Sherwood. Wherefore, title to said premises and said mortgage is now on Norman S. Sherwood."

If it is true that Sherwood owned the property and the mortgage and that the mortgage merged, Sherwood could not recover as mortgagee, he could only recover as real owner. If he did not pay the taxes and water rents as set forth in the schedules of distribution in the amended affidavit of defense and sued as real owner, defendant would have the right to set off the amount of taxes, water rents, et cetera, as set forth in the affidavit of defense.

The averments as to the increase of deposit to be paid at the second sale, also raises a question of fact which requires submission of the case to a jury.

For these reasons the rule for judgment was discharged.

The lower court dismissed plaintiff's rule for judgment. Plaintiff appealed.

*Error assigned,* among others, was in dismissing rule for judgment for want of a sufficient affidavit of defense.

*Robert E. Lamberton,* for appellant.

*J. R. Wilson,* for appellee.


PER CURIAM, June 3, 1918:

This appeal is dismissed on the opinion of the learned judge below discharging the rule for judgment.